UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT BREWER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SPOKANE COUNTY, et al.,<br><br>　　　　　Defendants. | NO. CV-11-0259-JLQ<br><br>ORDER GRANTING MOTION TO EXPEDITE AND FOR PROTECTIVE ORDER |

BEFORE THE COURT are the parties' Stipulated Motion for Protective Order (**ECF No. 17**) and Motion to Expedite (**ECF No. 20**).

A.　*Propriety of a Protective Order*

　　　The parties have submitted a Stipulation agreeing to the entry of a Protective Order governing the confidentiality of documents and information produced in discovery pertaining to the "personnel, training and any other employment files" of Defendant law enforcement officers Jeffrey Welton, Thomas Boling, and Dale Golman.

　　　Joint motions for protective orders are not granted routinely in this district. While it is not unusual for parties to agree among themselves as to how they will retain material produced in discovery, the court, having a policy of openness, enters confidentiality orders <u>only</u> when the parties allege specific facts which meet the "good cause" requirements of Fed.R.Civ.P. 26(c). Blanket protective orders are by their nature overinclusive and even though stipulated, may not be entered under Rule 26(c). *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir.2003) (holding that the district court abused its discretion under Rule 26(c) by entering a blanket protective

ORDER - 1

without requiring the party seeking protection "to show that specific discovery documents, whether eventually filed with the court or not, contained [confidential] information") (emphasis in original); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) (holding that blanket stipulated protective orders entered under Rule 26(c) "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document").

In this case, defense counsel states in her Affidavit that "due to the personal information contained in the personnel and employment files...a protective order should be in place." ECF No. 18 at 2.  Counsel should take note that the showing of general, as opposed to specific, privacy interests in itself is insufficient to demonstrate good cause. However, the court takes judicial notice that employment personnel files commonly contain addresses, phone numbers, social security numbers, income information, medical histories, employment discipline, criminal records, and other sensitive, personal information having little or no relevancy to the issues in litigation. The parties may properly agree among themselves to redact such information from any court filings. However, courts recognize the confidential nature of specific personal information and in limited circumstances have found it appropriate to enter protective orders governing its use in litigation because of the inherent potential for harm or embarrassment if the specific personal information is revealed.  Moreover, specific privacy and safety concerns concerning the personal information pertaining to police officers is not inconsequential and can be protected with the use of a specific stipulation or agreement between the parties and, in appropriate cases, a narrowly drawn protective order, such as the one proposed by the parties herein. *See e.g., Donald v. Rast*, 927 F.2d 379, 381 (8th Cir.1991) (recognizing "the confidential nature of the information contained in a police officer's personnel file").

Accordingly, though not the ordinary practice of this court, the court recognizes the particularized need for protection *in this instance*.  The Parties' Stipulated Motion for

Protective Order (ECF No. 17) and Motion to Expedite (ECF No. 20) are **GRANTED**.

*B.    Protective Order*

**IT IS HEREBY ORDERED** that the following procedures shall apply to the personnel and training records pertaining to Jeffrey Welton, Thomas Boling, and Dale Golman, as named Defendants in the above-referenced matter, and all personnel files of other Sheriff Deputies that may be requested in discovery. In this case, Defendant Spokane County has designated these records as confidential subject to the following provisions:

1. The personnel records and training records of Defendants and all other correction officers (herein "Records") shall be produced and used solely for the purposes of this litigation and shall not be disclosed, except pursuant to court order, to anyone except:

    a. The parties' attorneys and their employees;

    b. Consultants and experts retained by any party for the purposes of assisting in the preparation or presentation of claims or defenses;

    c. Witnesses that may be called at the time of trial;

    d. Any other person with prior written consent of the party producing the documents, except as provided in paragraph 10 below.

2. All documents bearing the social security, dates of birth, bank account identifications, financial information, and driver's license of any individual, whether a sheriff deputy or a third party, shall be redacted prior to providing a copy of the same to Plaintiff's counsel.

3. All documents bearing the addresses and phone numbers of Sheriff Deputies or other law enforcement personnel and those individual's friends and families shall be redacted prior to providing a copy of the same to Plaintiff's counsel.

4. The addresses and phone numbers of non-party individuals mentioned, referenced, or noted in any way in the above-referenced documents (Paragraph 1) shall also be redacted.

5. All of the foregoing persons, other than the parties' attorneys and their employees,

ORDER - 3

shall be shown a copy of this order and shall sign it or otherwise signify in writing prior to being shown confidential documents that the person has read the order and consents to be bound by its terms. Attached hereto as Exhibit A is a sample copy of a consent form.

6. Upon completion of this litigation, all copies of the Records or documents or testimony with references thereto shall, at Spokane County's option, be destroyed or returned to Spokane County's counsel. This is to include all copies reproduced by any party, agent, employee or expert of Plaintiffs.

7. No documents or information from the Records shall be used for any purpose unrelated to the conduct of this litigation.

8. Nothing contained herein shall be construed to prejudice or limit any party's right to use the Records in taking of depositions or at trial to the extent permitted, if at all, under the Federal Rules of Evidence and Civil Procedure.

9. Nothing in this order shall prevent any party hereto from seeking modification of this order or from objecting to discovery which it believes to be otherwise improper.

10. Court personnel, jurors and persons observing proceedings are exempt from the requirements provided in this order.

11. Violation of the terms of this Order, by any of the signatures to this agreement, their employees, agents or experts may be subject the violator to terms (monetary and/or injunctive) as well as attorney's fees and costs incurred in enforcing this Order and as the Court deems appropriate.

The Clerk is hereby directed to enter this Order and furnish copies to counsel.

DATED this 8th day of October, 2011.

s/ Justin L. Quackenbush<br>JUSTIN L. QUACKENBUSH<br>SENIOR UNITED STATES DISTRICT JUDGE